CAMPBELL ET ALS
*vs.*
KARR.

CAMPBELL, RICHIE & CO. *vs.* KARR.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

A citation of appeal issuing without the seal of the court from whence it issued, is insufficient, and the appeal will be dismissed.

The signature of the clerk to the writ of citation, is incomplete without the seal of the court, which makes it evidence.

Without a sufficient citation in the first instance, the Appellate Court cannot take cognizance of a case, and must dismiss it.

The plaintiff obtained an appeal, returnable to the first Monday in August, 1834, to the Supreme Court, sitting at East Baton Rouge. The order granting the appeal is dated 2d January, 1834, and the citation issued the 15th February following. The writ of citation is signed by the deputy clerk, but *the seal of the court, or any other seal, is not affixed to it.*

*Bradford,* for the appellee, moved to dismiss the appeal, on the following grounds:

1. Because there is no certificate of the judge at the foot of the record, that it contains all the evidence produced by the parties, nor is there any statement of facts as required by law. *Code of Practice,* 586, 601, 602, 603.

2. There is no legal citation of appeal: the paper purporting to be a citation, has not the seal of the court affixed to it, as required by law.

*Downs,* for the plaintiff and appellant, contended, that the court in similar cases to the present, and after the return day had passed, allowed an *alias* citation to be taken out in the inferior court, returnable to the next term of the Supreme Court. *Lafon* vs. *Riviere,* 5 *Martin* 500. 6 *Ibid.* 1.

2. The act of 1813, under which these decisions were made, is substantially the same as the Code of Practice. *Session Acts* 1813, *p.* 24, §9. *Code of Practice,* 581, 583.

A citation of appeal issuing without the seal of the court from whence it issued is insufficient and the appeal will be dismissed.

*Bullard, J.*, delivered the opinion of the court.

In this case the appellee moves to dismiss the appeal, on the ground that the citation of appeal does not bear the seal of the court from which it issued. It is true, the Code does not expressly require that the citation of appeal should be sealed; but the court has a seal, and the signature of the clerk is incomplete without it : it is that which authenticates it, and makes it evidence in other courts.

We have been urged to allow time to bring up the appeal regularly, and a new citation to be ordered by this court. This, we think, cannot be done. Without citation in the first instance, according to the order allowing the appeal, this court cannot take cognizance of it.

It is ordered, that the appeal be dismissed.

*Western Dist.*
*August, 1834.*

HEWET ET ALS.
*vs.*
WILSON ET ALS.

The signature of the clerk to the writ of citation, is incomplete without the seal of the court, which makes it evidence.

Without a sufficient citation in the first instance, the Appellate Court cannot take cognizance of a case, and must dismiss it.