FOWLER
*vs.*
BOYD.

====

## FOWLER *vs.* BOYD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the wife is desirous to sell her paraphernal property, and the husband refuses his authorization, she must apply to the parish judge of the parish in which she has her domicil, who may authorize her to contract.

In this case, Miriam Fowler, wife of G. W. Boyd, residing in the parish of Jefferson, applied to the District Court for

the First Judicial District, to be authorized, contradictorily
with her husband, (who had refused his authorization,) to
sell certain lots of ground belonging to her as her separate
property.

‘ The husband on being cited, appeared, and opposed her application in court. In his answer he says, at their marriage they made mutual donations, by which it was stipulated the survivor should receive the whole property, and that he had a personal interest in preserving it, in addition to his duty to preserve it on her account. That it was also properly and safely invested, and was growing in value. He prayed that her demand be rejected.

The district judge was doubtful about his jurisdiction, being inclined to think that the parish judge of the parish where the husband resided, was the proper authority for settling this domestic difficulty. He, however, took jurisdiction of the case, and decreed the sale of a portion of her property, and after paying her debts, directed the proceeds to be invested in productive funds or property, for her support. The defendant appealed.

*Benjamin*, for the plaintiff.

1. The only question is that of jurisdiction. The Probate Court is not the proper tribunal before which to bring such a case as this, because its jurisdiction is limited and does not embrace such matters, but only cases which are specially mentioned and defined. *Code of Practice*, 924–5. ‘

2. The Parish Court cannot take jurisdiction, because the value of the property involved far exceeds its limits. The only proper tribunal, therefore, in cases of this nature, is the District Court, *the* judge of which is the judge of the defendant's domicil, and is, likewise, competent to take cognizance of all matters involving any amount.

On the merits of the case he urged that the judgment was correct, and should be affirmed.

*Preston* and *Wills*, for the defendant, cited the 127th article of the *Louisiana Code*, which seems to govern the whole case.

EASTERN DIST.
March, 1838.

FOWLER
vs.
BOYD.

It reads thus: "If the husband refuses to empower his wife to contract, the wife may cause him to be cited to appear before the judge, who may authorize her to make such contract," &c.

· 2. The foregoing article contains all the law applicable to the subject. It evidently means the parish judge of the parish in which the party has his domicil. This is the judge to whom application is to be made in such cases. The question of property has nothing to do with the mere act of authorization, &c.

*Martin, J.,* delivered the opinion of the court.

This is an application of the wife to be authorized to sell several lots, part of her paraphernal estate, the husband having refused to authorize her. He was cited to appear, and pleaded that there was no necessity for the sale of the lots, and that he had an interest in them, the wife by the marriage contract having made a donation to him of all her property in case he survived her.

The district judge doubted his authority to authorize the wife, but finally did so. The Louisiana Code, 127, provides, that if the husband refuses to authorize the wife to contract or sell her paraphernal estate, she may do so with the authorization of the judge; 2367.

The Code used the definite article, *the*, without any reference to *a* particular judge. This is what created a doubt in the minds of the District Court. It has been urged here, that this judge is not that of the Court of Probates, whose jurisdiction is expressly limited to a number of specified cases, under none of which, this application of the plaintiff comes; *Code of Practice,* 924, 925; that it cannot be the judge of the Parish Court, whose jurisdiction does not extend to cases involving like the present, property of the value of upwards of thirty thousand dollars: hence the District Court alone must have cognizance of the application.

It appears to us, the District Court erred. When the court speaks of *the* judge, indefinitely, that of the domicil of the party must be intended; *id est,* the parish judge. That

officer, as judge of probates, has under his protection all those persons who are incapacitated to attend to their own concerns, either absolutely or without the aid of a judge, as minors, interdicted persons, absentees, married women and idiots. It is not necessary that he should always be applied to, to yield his aid in court; he often does so at chambers. It is true, his jurisdiction in the Parish Court is limited in other parishes than that of New-Orleans, to cases in which the matter in dispute does not exceed three hundred dollars. But this, in our opinion, does not prevent him from affording his aid out of court, to persons who are under his special protection.

Where the wife is desirous to sell her paraphernal property, and the husband refuses his authorization, she must apply to the parish judge in the parish in which she has her domicil, who may authorize her to contract.

The wife ought to have made an application to the judge of the parish in which she has her domicil, to wit: that of Jefferson.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the petition be dismissed, the petitioner paying costs in both courts.

