## Mo. 118½.

### The State of Louisiana vs. Henry J. Brown.

33 1151
49 961

The certificate of the Clerk of Court from which a case is transferred, in a change of venue, attached to the copy of the original proceedings, such as the indictment, arraignment and plea, etc., not being stamped with the seal of the Court, is clearly inadmissible in evidence on the trial of the accused in the Court to which the case has been transferred. The introduction on the trial of legal evidence of such proceedings had before the change of venue, being indispensable, the trial, verdict and judgment are illegal and must be set aside, and a new trial granted to the accused.

APPEAL from the Twelfth Judicial District Court, parish of Grant. *Barbin*, J.

*Edwin G. Hunter*, District Attorney, for the State, Appellee.

*M. Ryan* and *W. F. Blackman* for the Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. The defendant was indicted for murder in February, 1880, in the parish of Rapides.

On the 5th of May, 1881, he was tried on this indictment before the District Court of the parish of Grant. He was convicted of manslaughter and sentenced to ten years imprisonment in the penitentiary, and from this sentence has appealed.

He assigns as errors in the proceedings, upon which he relies for a

reversal of the sentence, certain alleged irregularities and improper rulings of the judge who presided at the trial, set forth in numerous bills of exception found in the record, but only one of which we find it necessary to consider for the determination of this case.

As stated, the defendant was indicted in the parish of Rapides but tried in the parish of Grant. All that the record shows of the proceedings in the latter parish, are those immediately relating to the trial, conviction and sentence, and the appeal therefrom. To authorize a conviction and sentence, the record must show not only the proceedings mentioned, but also an indictment, the return of the same into court by the grand jury, the arraignment of the prisoner and his plea, and, in short, the observance of all the prescribed formalities that precede trial and sentence. Without these, of course, a trial and conviction would be grossly irregular, null and void.

The case purports to have been transferred to the parish of Grant from the parish of Rapides, where the accused was indicted and where the offence was charged to have been committed, by a change of venue, granted on the application of the accused.

The law, in such case, requires that the clerk of the court where the prosecution was instituted, shall deliver to the clerk of the parish to which the case is transferred, the indictment and other original documents pertaining to the case, and a copy of all orders and proceedings rendered and taken in the court of the first instance. The duty seems to have been performed, so far as relates to the sending or transferring of the original documents to the parish of Grant, all of which appear in the transcript.

It, however, became necessary on the trial of the cause, that the proceedings taken in the parish of Rapides, relating to the prosecution, should be shown, such, for instance, as the return of the indictment into court, the arraignment and plea, and the order itself, by authority of which the venue had been granted and the trial was being had in the parish of Grant.

A copy of the minutes of the Court of Rapides parish, or what purported to be such copy, embracing the essential formalities mentioned, was offered during the progress of the trial, and objections were made by the defendant's counsel to its admission, the nature of which objections, and the ruling of the judge thereon, will be found fully set forth in the following bill of exceptions, which we transcribe in full:

"Be it known and remembered, that on the trial of this cause the District Attorney, representing the State, offered in evidence what purported to be a certified copy of the minutes of the court from Rapides parish and all the papers and documents filed in the case in the parish of Rapides, to which defendant objected, on the ground that there was

no authentic copy of said proceedings and no legal certificate of the clerk of the court of Rapides parish, as the certificate was not stamped with the seal of the District Court of Rapides parish, so as to make the same official, which objection was overruled by the judge for the following reasons, to wit:

"Because the accused cannot be heard to dispute or deny the change of venue, as he is the one that asked and obtained it; he stands here as an appellant, and because all the papers objected to were, as the law directs, the originals, except the copy of the minutes, which the accused cannot be heard to deny. To which ruling accused objected," etc.

We have no hesitation whatever in saying that the judge *a quo* erred in admitting this alleged copy of the minutes. In the most trifling matters relating to civil proceedings, in all processes from a court of record, such as citations, subpœnas, etc., a seal is essential to give them validity and authenticity and to authorize an obedience to such processes on the part of those against whom they are directed, and equally essential is it in relation to all acts and proceedings of any one of such courts certified to and requiring recognition by another.

It is elementary and a provision of positive law—a provision based upon immemorial usage—that a public seal, a seal of State and a seal of court, is essential, the one to authenticate the acts of a government, the other the acts of a court. Revised Statutes, Sec. 3471, 3474. In the language of Judge Bullard, the organ of the court, in case of Campbell, Richie & Co. vs. Karr, 7 La. 70: "The court has a seal, and the signature is incomplete without it. '*It is that which authenticates it, and makes it evidence in other courts.*'" See, also, C. P. 774; 10 La. 483; 12 La. 70.

If, in a civil proceeding, the authentication by the seal of the court is so absolutely demanded, how can we conclude that it is less essential or not essential in a criminal proceeding, where the life or liberty of a human being is at stake? Yet, such was the conclusion of the judge *a quo* for reasons assigned that are utterly without force or foundation. The change of venue had been ordered by another judge, and the proceedings, preliminary and pre-requisite, to a legal trial of the accused, purported to have taken place before that judge; the judge presiding at the trial of the accused could not know this fact or recognize such proceedings, or even be assured of the jurisdiction of his court over the subject-matter of the prosecution, unless the evidence of the same was presented to him duly and solemnly authenticated by the seal of that court, where such proceedings were had, and from which his authority in the premises emanated.

Eliminating this evidence, thus admitted without legal authentication, from the record, the proceedings, as they come to us, show a trial and conviction before a court without jurisdiction and without a finding

73

of a grand jury, without arraignment and without plea. We are, therefore, constrained to set aside the verdict and remand the case; and while forced to this conclusion, we cannot too loudly condemn the official carelessness that has produced, it may be, this delay of justice.

It is, therefore, ordered, adjudged and decreed that the judgment and sentence appealed from be annulled, avoided and reversed, and that the case be remanded to be proceeded with according to law and the views herein expressed.