No. 5788.

## JUNIUS GARLICK vs. WILLIAMS MEDICAL INSTITUTE, ET AL.

### Syllabus.

1. An appeal will be maintained as devolutive if a bond for the sum fixed by the Judge has been filed at any time before the return day and within a year after judgment.

2. On a rule to show cause, the copy served on the defendant must bear the signature of the clerk or his deputy and also the *seal of the Court,* to validate it and require obedience thereof.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 91,041. Hon. T. C. W. Ellis, Judge.

Stafford & Lambert, for plaintiff and appellee.

Jas. McConnell, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

Plaintiff obtained judgment against defendant (Leon Williams) and issued a **fieri facias** under which the sheriff seized defendant's interest in a certain suit then pending.

Afterwards the sheriff seized defendant's interest in still another suit, and defendant enjoined the seizure. The injunction being dissolved, defendant took this appeal.

Plaintiff then objected to the sufficiency of the appeal bond, and the trial Judge made a ruling on the strength of which plaintiff asks us to dismiss this appeal.

But subsequently to that ruling, and within a year after the judgment, defendant filed a new and unexceptionable bond for the amount fixed by the Judge, which,

together with the transcript, was filed in this Court before the return day for this appeal.

It is clear that whatever might be the status of the appeal as a **suspensive** one, it is none the less good as a **devolutive** one.

And since the motion to dismiss comes before us at the same time as the merits, which will dispose of the appeal at once and finally, it would be idle to enquire as to the suspensive effect thereof.

The motion to dismiss is denied.

## On The Merits.

The injunction herein was dissolved on motion, and when the rule to dissolve was called for trial the defendant objected to going to trial on the ground that the copy of the rule served upon him, the only process issued against him, did not bear the seal of the Court and was therefore no process at all.

The trial Judge heard all the defenses at once and eventually overruled this objection and dissolved the injunction.

On the trial it was established that the copy of the rule served on defendant did not bear the seal of the Court; and accordingly his objection to the sufficiency of the process should have been maintained.

In **State vs. Brown, 33 An., 1153**, the Supreme Court held that:

"In all processes from a Court of record, such as citations, subpoenas, etc., a seal is essential to give them validity and authenticity and to authorize an obedience to such processes on the part of those against whom they are directed."

(Citing, **7 La.**, 70; **10 La.**, 483, **12 La.**, 570; **C. P.**, 774; **Rev. Stat.**, Secs. 3471, 3474.)

On a rule to show cause, the copy served on defendant, must bear the signature of the clerk or his deputy, and also the seal of the Court, to validate it and require obedience thereof.

In view of some expressions dropped during the argument, we wish to say that we had not then before us the language of Articles 652 and 653 C. P., which might indicate that if plaintiff persists in maintaining his seizure on both suits as hereinabove mentioned, defendant may be entitled of right to an appraisement as therein provided.

We say this here in order that the parties may not be misled by such expressions, but of course we mean to express no definite opinion on points which under the circumstances do not presently arise before us.

The judgment appealed from is therefore reversed, and it is now ordered that defendant's exception to the sufficiency of the process be maintained, and that the case be remanded in order that due process may issue according to law; appellee to pay the costs of appeal and the costs of the Court a qua to await the final determination of the cause.

Reversed and remanded.

Opinion and decree, May 19th, 1913.